# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DERRICK HOWARD | ) | CASE NO. 09-71145 |
| | ) | |
|     Debtor. | ) | |

_____

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | MOTION FOR RELIEF FROM STAY |
| | ) | AND CO-DEBTOR STAY |
| DERRICK HOWARD, | ) | |
| BRIDGET O. HOWARD, and | ) | |
| JO S. WIDENER, TRUSTEE | ) | |
| | ) | |
|     Defendants. | ) | |

_____

## MEMORANDUM DECISION ACCOMPANYING
## ORDER UPON MOTION FOR RELIEF

The matter before the Court is a Motion For Relief From Stay And Co-Debtor Stay filed by the Plaintiff on September 8, 2009 against the Debtor, his wife, Bridget O. Howard, alleged to be a co-debtor upon the obligation, and the Chapter 13 Trustee for this case. Rather remarkably the Motion alleged that the "Debtor has failed to pay the above-referenced loan from August 31, 2009 to the present[,]" a period of fewer than ten days. In conformity with this Court's normal practice in such matters, it entered on September 9, 2009 a Pre-Hearing Order requiring the parties to do certain things with respect to the Motion. Pursuant to that Order the Debtor filed a timely response on September 18, 2009 denying the material allegations of the Motion and questioning the status of the Plaintiff to file the Motion. The Order also required the Plaintiff to file a Certification regarding the particulars of the asserted default and the valuation

of the property serving as collateral for the obligation.  The Plaintiff did so, although not until October 2, 2009, eighteen days beyond the date specified in the Order.  This Certification asserted that accrued interest was due from June 1, 2009 through September 2, 2009 in the amount of $3,871.50, late charges from July1 through September 1 in the amount of $357.20, and attorney's fees and filing fee in the amounts of $650 and $150, respectively.  It also represented that the Plaintiff's valuation of the property was exactly the amount owed on the loan, which was indicated to be the basis for such valuation.  How the value of the property securing the debt could come to be defined by the amount of such debt is mystifying to the Court and raises a serious question as to the level of thought which Plaintiff's counsel gave to the completion of such certification.

The Plaintiff set the Motion for a hearing before the Court on October 6, 2009 and at that time local counsel for the Plaintiff appeared and requested that the hearing be treated as a preliminary hearing on the Motion and that a final hearing be set in December.  The Debtor appeared in person and with counsel, who advised the Court that he had been in contact that morning with the attorney who had filed the Motion on behalf of the Plaintiff and nothing had been mentioned about requesting that the hearing be treated as a preliminary hearing.  Upon inquiry by the Court of local counsel for the Plaintiff as to whether he had advised Debtor's counsel prior to the hearing that he intended to make such a request, he stated that he had not.  The Pre-Hearing Order also directed the attorneys for the parties "to confer with respect to the issues raised by the Motion in advance of hearing for the purpose of determining whether a consent order may be entered and/or for the purpose of stipulating to relevant facts, such as the value of the property, and the extent and validity of any security interest."  At the hearing

counsel for the Debtor requested that the Motion be dismissed as a sanction for the Plaintiff's non-compliance with the Pre-Hearing Order.

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. A motion for relief from the automatic stay is a "core" bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). The authority of a court to enforce its own orders is inherent in the power and jurisdiction vested in such court. Accordingly, the Court includes that it has jurisdiction to enforce the Pre-Hearing Order.

While dismissing the motion without prejudice would be a justified sanction for the Plaintiff's non-compliance with the Court's Pre-Hearing Order, it would be punitive to the Plaintiff without providing any benefit to the Debtor. It would simply defer to another day the issues raised by the Motion at the cost of an additional filing fee and effort on the part of all concerned. The Court believes that a more appropriate and beneficial sanction is not to dismiss the Motion, but to continue the automatic stay in effect until an agreed final hearing date can be set upon the proviso that the Plaintiff be required to absorb the filing fee incurred upon the filing of the Motion and its legal expense incurred with respect to this matter thru the date of the October 6 hearing and that such filing fee and already incurred legal expense shall not in any event be charged to the Debtor or the Co-Debtor or be any part of the indebtedness secured by the Debtor's property. An order in accordance with this Memorandum Decision will be entered contemporaneously with the latter's docketing.

This 13th day of October, 2009.

_____
UNITED STATES BANKRUPTCY JUDGE